# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

        Petitioner,                  :         Case No. 3:13-cv-430

                                                  District Judge Walter H. Rice

     -vs-                                     Magistrate Judge Michael R. Merz

                                       :

JUDGE DALE CRAWFORD,

And

CHIEF JUSTICE MAUREEN O'CONNOR

        Respondents.

---

# REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK; ORDER TO THE PETITIONER TO SHOW CAUSE

---

      Petitioner Warren Easterling brought this action against Greene County Court of Common Pleas Judge Dale Crawford[1] and Chief Justice Maureen O'Connor of the Ohio Supreme Court. (Motion for Leave to Proceed in Forma Pauperis, Doc. No. 1, PageID 1); (Complaint, Doc. No. 2).

      In his Complaint Easterling asserts various violations under 42 U.S.C. § 1985, 18 U.S.C. § 241, and 18 U.S.C. § 242. These alleged violations of conspiracy, obstruction of justice, bias, and prejudice, arise out of Respondents' respective failures to hear Easterling's Motion for Relief from Judgment, the court's order to the Greene County Clerk of Courts declaring Easterling to be a vexatious litigator, and Respondent Chief Justice O'Connor's refusal to disqualify the sitting

---

[1] Judge Crawford was a retired judge sitting by assignment.

1

judge, Respondent Judge Crawford. (Complaint, Doc. No. 2);(Notice of 2 Federal Questions, Doc. No. 3 at PageID 206.)

This case is now before the Court for review under 28 U.S.C. § 1915 and prior to issuance of process.


**Standards of Law**

Petitioner was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).    In deciding whether a complaint is "frivolous" the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong.  Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's

allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). Section 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999).

As previously stated, §§ 1915A and 1915(e)(2)(B)(ii) require the Court to dismiss any portion of an action or appeal that 1) fails to state a claim upon which relief can be granted, or 2) is frivolous. *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). In making this determination the Court applies the standards for dismissal under Fed. R. Civ. P. 12(b)(6) as has been recently re-stated by the Supreme Court in *Twombly* and *Iqbal.*

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc.*

> *v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)],
> at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech
> Pharmaceuticals, Inc*., 289 F.Supp.2d 986, 995 (N.D.Ill.2003)
> (Posner, J., sitting by designation) ("[S]ome threshold of
> plausibility must be crossed at the outset before a patent antitrust
> case should be permitted to go into its inevitably costly and
> protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007).

Because federal courts are courts of limited jurisdiction and even the issuance of process constitutes to some extent the exercise of judicial power, this Court regularly considers whether it may have subject-matter jurisdiction of a case at the same time as it conducts the § 1915 review.

**Procedural History**

The basis for this case, as well as several additional cases filed by Mr. Easterling in both the Greene County Courts as well as this United States District Court, originated from Greene County case 2009 CV 1357. In that case Easterling alleged that he had been terminated without cause and sought reinstatement to his position as a mortgage loan officer at Union Savings Bank as well as compensatory damages. (Case No. 2009 CV 1357, Complaint, 12/7/2009.) The complaint was dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. (Judgment, 2/9/2010.) Easterling did not appeal.

Instead, Easterling initiated a second case against Union Savings Bank on April 1, 2010, again seeking reinstatement and compensatory damages. *See* Case 2010 CV 0375. Defendant countered by filing a Motion to Dismiss on the basis that "the identical Complaint previously was dismissed by this Court with prejudice on February 9, 2010 for failure to state a claim under

Ohio Civ. R. P. 12(B)(6) and thus *res judicata* bars Plaintiff's subsequent and virtually identical Complaint." *Easterling v. Union Savings Bank*, 2010-Ohio-4753 ¶ 5, 2010 Ohio App. LEXIS 4028 at **2 (Oct. 1, 2010), citing to Motion to Dismiss, 4/29/2010.  The trial court compared the complaint from the prior case to the one before it and found them to be "indistinguishable in any material way." *Id.* at ¶¶ 2, 11. The prior determination dismissing the complaint became final when Easterling failed to properly appeal. As such, it follows that the second virtually identical complaint was barred by *res judicata*. *Id*., see also Judgment Entry, 5/28/2010. The court further articulated that in accordance with Civil Rule 41(b)(3), the judgment entry was to operate as an adjudication upon the merits, thus making it an appealable final order. Easterling appealed to the Second District Court of Appeals. (Case 10-CA-39.)  The court of appeals affirmed the judgment of the trial court, finding the complaints to be indistinguishable and as such, the second case was properly dismissed on the grounds of *res judicata*. *Easterling,* 2010-Ohio-4753 ¶ 48.

Easterling filed a new case against Union Savings Bank, 2010 CV 1267, on December 3, 2010.  In response Defendants filed a motion for summary judgment and a counterclaim for both attorney fees and to have Easterling declared a vexatious litigator under Ohio Revised Code § 2323.52. (Motion For Summary Judgment; Defendant's Answer and Counterclaims, 12/30/2010.)  The Magistrate granted Defendant's motion for summary judgment and scheduled a hearing for oral arguments on attorney fees and the vexatious litigator status of Plaintiff. (Magistrate's Decision, 3/17/2011.) Plaintiff objected to the decision on summary judgment; however, on June 7, 2011, a judgment entry adopting the magistrate's decision was filed. The judgment specifically stated that "based upon the Second District Court of Appeals' decision in 10CA39, Plaintiff's claims are barred by *res judicata*. Defendant's motion for Summary judgment is granted."

5

In July of 2011, a hearing was conducted in front of the magistrate on attorney fees and Easterling's status as a vexatious litigator. On December 12, 2011, the Magistrate's Decision was filed prohibiting Mr. Easterling from continuing any legal proceedings against Union Savings Bank. Plaintiff immediately filed a motion to set aside verdict. (Motion, 12/19/2011.) A second hearing on the motions for summary judgment, attorney fees, and the declaration of vexatious litigation was then conducted in front of Judge Crawford. The judge allowed both parties to supplement their motions for summary judgment, permitting the addition of affidavits and other documentation as provided under Rule 56. The rehearing took place on July 2, 2012, and on July 19, 2012, an entry was filed granting Defendant's Motion on Summary Judgment. The court additionally held that the filing of the lawsuit was frivolous and as such Easterling was responsible for paying Defendant's attorney fees. The court also concluded that Easterling "habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions. . . . [this] obviously serves merely to harass or maliciously injure another party to the civil action." *Easterling v. Union Savings Bank*, 2013-Ohio-1068 ¶ 14, 2013 Ohio App. LEXIS 949 **11-12 (March 22, 2013). An order was then issued which declared, pursuant to Ohio Rev. Code § 2323.52(A)(3), Mr. Easterling to be a vexatious litigator. Easterling was prohibited from initiating filings without first obtaining leave of court.[2]

In response, Easterling filed a notice of appeal with the Second District Court of Appeals (2012 CA 0052) and a motion with the Ohio Supreme Court for the disqualification of Judge Crawford. The court of appeals granted him leave to appeal only the portion pertaining to "the part of the trial court's order that declared him to be a vexatious litigator under R.C. 23232.52. . . . 'our decision to grant Easterling leave to proceed is limited to the above-captioned appeal,

---

[2] It should be noted that in the event the Defendants in the pending cases were granted leave to file or proceed with dispositive motions, than Mr. Easterling would be granted leave to respond without first seeking approval from the Court.

which stems only from the trial court's July 20, 2012 order, and specifically, that declares Easterling to be a vexatious litigator under R.C. 2323.52.'" *Easterling v. Union Savings Bank*, 2013-Ohio-1068, ¶ 3 (2nd Dist., March 22, 2013).  Easterling argued that Ohio's vexatious litigator statute violated the Tenth Amendment of the U.S. Constitution, the Fifth Amendment, the Supremacy Clause as it relates to (or rather conflicts with) 42 U.S.C. § 1985, and the right to Due Process under the Fourteenth Amendment. *Id*. at ¶¶ 5-6. The court of appeals considered his claim and affirmed the verdict of the trial court in both its summary judgment holding and its order declaring Easterling to be a vexatious litigator. *Id*. at ¶¶ 16-17.

As for his motion to disqualify, Chief Justice O'Connor denied the motion on September 25, 2012. Easterling then proceeded to file two additional motions to disqualify Judge Crawford, both of which were denied. (See Case 2010 CV 1267 10/05/2012; 10/12/2012; 10/07/2013; 10/21/2013.) Finally, Plaintiff filed a Rule 60 Motion for Relief from Judgment Order (July 9, 2013) in which he argued that under Rule 56 he had a genuine issue of fact which would have prevented the finding of summary judgment. The motion was denied as Plaintiff failed to obtain leave of court before filing this motion, in violation of the vexatious litigator order.[3]

Mr. Easterling's litigation history in this Court is equally long and convoluted. The claims all arise from the actions in the state court, particularly in reference to Greene County Case 2010 CV 1267, and to the extent it is dependent on, case 2009 CV 1357.  In his District Court case 3:12-cv-300 filed against the State of Ohio, Petitioner challenged the constitutionality of the Ohio vexatious litigant statute, Ohio Rev. Code § 2323.52. The case was dismissed under the *Rooker-Feldman* doctrine, as the claim asserted in the federal proceeding was inextricably

---

[3] In addition to the above cases, the Court notes case 2011 CV 0593 also against Defendant Union Savings Bank, case 2012 CV 0423 filed against the Magistrate in the Union Savings Bank Case, as well as case 2012 MS 0008 which contains a multitude of filings made by Mr. Easterling, but all were barred under the vexatious litigator order.

intertwined with the judgment entered in the state court. As such, the federal court was without subject-matter jurisdiction to hear the claim. *Easterling v. Ohio*, 2012 U.S. Dist. LEXIS 162640 (S.D. Ohio Nov. 14, 2012); *Easterling v. Ohio*, 2012 U.S. Dist. LEXIS 173233 (S.D. Ohio Dec. 4, 2012).

Easterling then petitioned for a temporary restraining order against the State of Ohio and Ohio Attorney General Mike Dewine in Case 3:13-cv-24.  It was inferred from the motion that Petitioner wished to file an appeal from judgment in case 2012 CV 2436, however, he had been "'trespassed' from the Montgomery County Courthouse, and that Judge Crawford's Order declaring him to be a vexatious litigator barred him from filing in any event. *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 11678 (S.D. Ohio Jan. 29, 2013). This Court held that there were insufficient facts to grant a temporary restraining order without notice and that adequate time remained for Easterling to notify the Ohio Attorney General and allow him the opportunity to be heard. *Id*.; *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 27815 (S.D. Ohio, Feb. 28, 2013).  Once notified, the State moved for dismissal under Fed. R. Civ. P. 12(b)(1), and in the alternative, that the relief sought was barred by the *Rooker-Feldman* Doctrine. The Court found that the claims were barred as Easterling failed to appeal from the prior decision, and additionally it lacked subject-matter jurisdiction. *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 40211 (S.D. Ohio, March 22, 2013).

After the Report and Recommendations, as well as a Supplemental Report and Recommendations, Petitioner filed a Motion to Amend (Doc. No. 26). As part of the Motion he sought to substitute Ohio Attorney General Mike Dewine as the sole respondent in the case, arguing that the Attorney General is the person with appropriate standing under federal law to defend the constitutionality of Ohio's vexatious litigator claim. *Easterling v. Ohio*, 2013 U.S.

Dist. LEXIS 94755 (S.D. Ohio, July 18, 2013). As the motion was unopposed, the substitution was granted. *Id*. at *2. He also eliminated the *Rooker-Feldman* objection originally made by the State, as the Amended Complaint does not seek to have the Court interfere with any judgment involving a determination that Easterling is a vexatious litigator under the statute, but rather only sought a permanent injunction against the enforcement of the statute. *Id*. at *3. As a result of the Amendment, both Reports and Recommendations were withdrawn. *Id*.

After the Amended Complaint was filed, the Magistrate Judge recommended that it be dismissed under Fed. R. Civ. P. 12(b)(6) for a failure to state a claim. *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 116364 (S.D. Ohio, Aug. 16, 2013), see also *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 126124 (S.D. Ohio, Sept. 4, 2013). In its analysis the Court considered Mr. Easterling's claim under 42 U.S.C. § 1983. It again found that his claims were a facial challenge to the constitutionality of the Ohio vexatious litigator statute. The Court lacked subject-matter jurisdiction to review the application of this statute, as to do so would violate *Rooker-Feldman*. *Id*. at *11. On this basis, the Motion for Preliminary Injunction was denied and the case was dismissed with prejudice. *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 126124 (S.D. Ohio, Sept. 4, 2013).

Easterling again challenged the vexatious litigator finding in Case 3:13-cv-106. This case named the Second District Court of Appeals, Greene County, as well as Judges Donovan, Froelich, Hall, and Fain as defendants. Petitioner again challenged the general constitutionality of the statute, and argued against having to seek leave of court to appeal Greene County case 2010 CV 1267. (Complaint, Doc. No. 2); (Amended Complaint, Doc. No. 9.) Despite Petitioner's attempted defenses against the application of *Rooker-Feldman* against him, that of alleged fraud and conspiracy, the Court found that it lacked subject-matter jurisdiction and that

the federal claim was inextricably intertwined with the state court judgment. *Easterling v. Second Dist. Court of Appeals*, 2013 U.S. Dist. LEXIS 86838 (S.D. Ohio, June 20, 2013); *Easterling v. Second Dist. Court of Appeals*, 2013 U.S. Dist. LEXIS 104403 (S.D. Ohio, July 25, 2013). Petitioner then filed a Notice of Appeal to the Sixth Circuit Court of Appeals. U.S.C. § 1915(a)(3) provides, however, that "[a]n appeal may not be taken in *forma pauperis* if the trial court certifies that it is not taken in good faith." This Court found that the *Rooker-Feldman* Doctrine clearly applied to this case and therefore any appeal would be "objectively frivolous." *Easterling v. Second Dist. Court of Appeals*, 2013 U.S. Dist. LEXIS 128166 (S.D. Ohio, Sept. 9, 2013); *Easterling v. Second Dist. Court of Appeals*, 2013 U.S. Dist. LEXIS 131967 (S.D. Ohio, Sept. 16, 2013); *Easterling v. Second Dist. Court of Appeals*, 2013 U.S. Dist. LEXIS 150222 (S.D. Ohio, Oct. 18, 2013.)

The case now before the Court, 3:13-cv-430, was commenced on December 27, 2013. The Complaint again centers on the same actions involved in the previous matters, to wit, the underlying state court proceedings against Union Savings Bank, the allegations of bias and prejudice, and Ohio's vexatious litigator statute and its application against Mr. Easterling. However, this time, Petitioner alleges that the actions deprived him of his rights under 42 U.S.C. § 1985, 18 U.C.S. § 241, and 18 U.S.C. § 242. (Complaint, Doc. No. 2);(Notice of 2 Federal Questions, Doc. No. 3 at PageID 206.)

Easterling seeks relief in the form of a judgment in his favor requiring Respondent Crawford's permanent disqualification, an Order striking Judge Crawford's December 20, 2013, Order as unconstitutional, and providing an unbiased and unprejudiced judge to hear Easterling's 60(b) Motion. (Complaint, Doc. No. 2, PageID 128.)

10

**ANAYLSIS**

Easterling poses the following two questions:

> **Federal Question #1**
>
> Does the Respondents failure or refusal to hear Petitioner's July 9, 2013 motion for relief from judgment order (Civ. R. 60) in violation of Title 42 U.S.C. 1985, Title 18 U.S.C. 241, and Title 18 U.S.C. 242 represent a violation of Petitioner's Constitutional rights as guaranteed by the U.S. Constitution in the Fourteenth Amendment and the Equal Protection and Due Process Clauses as well as violation of Federal law?
>
> **Federal Question #2**
>
> Does Respondent's December 20, 2013 Court order (exhibit v) ordering the Greene County Clerk of Courts to refuse the filing of any motions or documents in regards to the counterclaim in case 2010 cv 1267 violate Petitioner's rights as granted in the Ohio rules of Civil Procedure is granted to all citizens (see Rule 60) along with Respondent's refusal to perform in regards to exhibit Z, a motion for relief from judgment order, with the intent to obstruct justice in violation of Petitioner's rights to a fair trial and judicial review along with equal protection as granted in the Fourteenth Amendment of the U.S. Constitution represent bias and prejudice where Respondent Dale Crawford should be disqualified to preside over hearing the motion in support of the Petitioner's right to have an unbiased judge preside over any matter before the court and where the December 20 court order (exhibit V) must be declared unconstitutional due to it violating Title 28 [sic] U.S.C. 1985, Title 18 U.S.C. 241 and Title 18 U.S.C. 242.

(Notice of 2 Federal Questions, Doc. No. 3, PageID 205-206.)

The allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011), *citing Federal Exp. Corp. v. Holowecki,* 552 U.S. 389, 402 (1998); *see also, Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

11

For the ease of organization and to ensure the claims are properly dealt with, the Magistrate Judge has decided to address these claims in the manner in which they were presented in Petitioner's Complaint, to wit, in three individual counts dealing with the alleged violations arising out of  42 U.S.C. § 1985, 18 U.S.C. § 241, and 18 U.S.C. § 242 respectively.

**Count 1**
**42 U.S.C. § 1985**
**Obstructing Justice, Depriving Persons of Rights or Privileges**

Easterling asserts that his rights were violated under 42 U.S.C. § 1985 when Respondent Crawford refused to perform his duties as a judge, particularly in reference to Petitioner's Motion for Relief of Judgment Order (Rule 60(b)) filed on July 9, 2013. (Complaint, Doc. No. 110.) Additionally, he alleges Judge Crawford violated his rights when he filed an order with the Greene County Clerk of Courts declaring Petitioner to be a vexatious litigator under Ohio Revised Code § 2323.52 as this demonstrates bias and prejudice against Petitioner and against hearing Petitioner's motions and filings. *Id.*

Title 42 U.S.C. § 1985 prohibits "two or more persons . . . conspire[ing] to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust or place of confidence under the United States, or from discharging any duties thereof . . . " Additionally it prohibits two or more persons conspiring to obstruct justice by intimidating a party, witness, or juror, "for the purpose of impeding, hindering, obstructing, or defeating in any matter, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

To show such a conspiracy, it must be demonstrated that Respondents knowingly agreed

12

with one another to deprive Easterling of his rights. Conspiracy claims must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987), *citing Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *Polur v. Raffe*, 912 F.2d 52, 56 (2nd Cir. 1990); *Applegate v. Top Associates, Inc.*, 425 F.2d 92 (2nd Cir. 1970).

Easterling offers no factual support or evidence upon which a conspiracy claim could be based. Rather he presents a vague and conclusory allegation that Respondent Crawford conspired against him and violated his rights. The Court is unsure with whom Crawford is alleged to have conspired. Defendant Union Savings Bank by granting its Motion to Dismiss for failure to state a claim? The Clerk of Courts in her compliance with the Order declaring Easterling to be a vexatious litigator and refusing his filings? Or Respondent O'Connor for her failure to grant Easterling's Motion to Disqualify Judge Crawford? The Complaint lacks any specificity as to conspiracy under 42 U.S.C. § 1985. Assuming, out of an abundance of caution, that Petitioner is referring to Respondent Chief Justice O'Connor, he fails to plead this claim with any degree of specificity, making only the general statement that "[t]he supreme court's failure to grant the motion to disqualify common pleas judge (13AP096) represents obstruction of justice/deprivation of rights." (Complaint, Doc. No. 2, PageID 120, 122.) He makes no argument that the parties knowingly agreed with one another to deprive him of his rights in violation of 42 U.S.C. § 1985. Even assuming specificity as argued in the 18 U.S.C. § 241 and 18 U.S.C. § 242 portions of his Complaint, the allegation of a conspiracy between Respondents fails for the reasons set forth in greater detail herein. *See, infra.*

Easterling argues only that Judge Crawford refused to perform his lawful duties as a judge in reference to hearing Petitioner's Motion for Relief from Judgment Order and that this

refusal shows an intent to obstruct justice. (Complaint, Doc. No. 2, PageID 119.) The only evidence Petitioner offers to support these allegations of bias, prejudice, and obstruction of justice centers around Respondent Crawford's December 20, 2013 Court Order Declaring him to be a vexatious litigator and warning him that sanctions may be imposed.

The underlying issue in this claim stems from an earlier decision in 2010 CV 1267, specifically that Judge Crawford's decision that the issues in this case were barred by *res judicata* and that Defendant's Motion for Summary Judgment should be granted. Additionally, the judge found Easterling's continuous initiation of legal actions against Defendant Union Savings Bank to be vexatious.

Ohio's vexatious litigator statute, Ohio Revised Code § 2323.52, enables an Ohio Common Pleas Court, on suit of a person or the chief legal officer of a number of political entities, to declare a person a "vexatious litigator." Once that declaration is made, the person thus designated must obtain leave of court before taking various acts in litigation, including instituting legal proceedings. Leave is not to be granted unless the court finds that "the proceedings or application are not an abuse of process and that there are reasonable grounds for the proceedings or application." Ohio Revised Code § 2323.52(F)(1).

Pursuant to the Order in case 2010 CV 1267, the Greene County Clerk of Courts was instructed to refuse any filings or motions made by Mr. Easterling in that matter, unless he had first obtained leave of court to make such filing. As a result, Petitioner alleges he was prohibited from filing his Motion for Relief from Judgment in case 2010 CV 1267. (Complaint, Doc. No. 2, PageID 119, 121.) Easterling asserts that leave was never necessary to make these filings (the Motion for Relief, and his Response and Reply filed thereafter) and that Respondent is "using his position as a judge to incite a conspiracy against rights and obstruction of justice to prevent the

14

filings of motions which would require Respondent to hear arguments in support of reversing a judgment which Respondent was responsible for depriving Petitioner of his right to a fair trial." *Id*. at PageID 115. He argues that his right to file and have the motion heard, as well as his right to appeal the judgment, remain intact and that there is no legal basis for the December 20, 2013, Order other than obstruction of justice. *Id*. at PageID 120.

Petitioner is mistaken. In filing his 60(b) Motion for Relief from Judgment, Easterling failed to comply with the terms set forth under Ohio Revised Code § 2323.52 and as explained in the original vexatious litigator order of July 19, 2012. This 60(b) Motion was filed on July 9, 2013, almost a year after the original order declaring him a vexatious litigator and several months after the Second District Court of Appeals upheld the vexatious litigator finding. *Easterling v. Union Savings Bank*, 2013-Ohio-1068 (2nd Dist., March 22, 2013). As such Petitioner had notice that he was required to seek leave of court prior to filing any motions in this matter. Additionally, on July 26, 2013, the trial court filed an Entry and Decision on the 60(b) Motion, denying the motion. In this denial the court informed Easterling of his deficiency in not first obtaining leave of court to file. Yet instead of attempting to rectify the situation, Mr. Easterling proceeded to file, without leave of court, a Response to his 60(b) Motion, as well as a Reply. (Response, 7/31/2013);(Reply, 12/02/2013). The Order at issue, that of December 20, 2013, merely reiterated the standards set forth previously, in that Easterling "has been declared a vexatious litigator" and "is required to get prior approval of this court before he can file any documents." Because he had not done so, the Response and Reply were not properly before the court and were ordered to be stricken. Petitioner has not shown a conspiracy to violate his rights, nor has he made a showing of bias, prejudice, or obstruction of justice. Rather, the trial judge was applying the law pursuant to Ohio Revised Code § 2323.52. For the above reasons, under

28 U.S.C. § 1915 analysis, this claim lacks an arguable basis in law and fact and should be dismissed as frivolous.

In addition to the above claim, Petitioner also presents a challenge to the constitutionality of Ohio Revised Code § 2323.52 and the declaration as applied against him. (Complaint, Doc. No. 2, PageID 127); (Notice of 2 Federal Questions, Doc. No. 3, PageID 206)("Where the December 20 court order (exhibit V) must be declared unconstitutional due to it violating Title 28 U.S.C. 1985, Title 18 U.S.C. 241 and Title 18 U.S.C. 242.")

As has been explained in the Court's Orders dismissing Easterling's prior cases (see 3:12-cv-300; 3:13-cv-024; and 3:13-cv-106) this Court lacks subject-matter jurisdiction over the vexatious litigation claim. "When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject-matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court." *Easterling v. Second District Court of Appeals (3:13-cv-106)*, 2013 U.S. Dist. LEXIS 86838 * 4-5 (S.D. Ohio 2013).

*Rooker-Feldman* bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with the judgment in those proceedings. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. American Arbitration Assn., Inc*., 336 F.3d 458, 460 (6th Cir. 2003)(Moore, J.), *quoting Catz*: Simply put, "federal district courts do not stand as appellate courts for decisions of state courts."

*Hall v. Callahan*, 2013 U.S. App. LEXIS 11055, ** 7 (6th Cir. 2013). The Sixth Circuit has

explained the *Rooker-Feldman* as follows:

> The *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 68 L.Ed. 362, 44 S. Ct. 149 (19230, and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 75 L.Ed. 2d 206, 103 S.Ct. 1303 (1983), stands for the proposition that a party aggrieved by a state-court decision cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court.  This circuit has devised a number of formulae for determining when a district court lacks jurisdiction under the *Rooker-Feldman* doctrine; broken down to essentials, there are two categories of cases barred by the doctrine.  First, when the federal courts are asked to "engage in appellate review of state court proceedings," the doctrine necessarily applies.  *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002).  In determining when a plaintiff asks for appellate review, we have in the past looked to the relief sought, *see Dubuc v. Mich. Bd. Of Law Exam'rs.* 342 F.3d 610, 618-19 (6th Cir. 2003), or asked the question whether the plaintiff alleges "that the state court's judgment actively caused him injury [rather than] that the judgment merely failed to redress a preexisting injury," *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 461 n.1 (6th Cir. 2003). *See also Hutcherson v. Lauderdale County*, 326 F.3d 747, 755 (6th Cir. 2003) ("'The fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" (*quoting Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (The doctrine "precludes federal court jurisdiction where the claim is a specific grievance that the law was invalidly - - even unconstitutionally - -applied in the plaintiff's particular case." (internal quotation marks and citations omitted)).
>
> The second category of cases barred by *Rooker-Feldman* is those which allege an injury that predates a state-court determination, but present issues inextricably intertwined with the claim asserted in the prior state court proceeding.  Adopting Justice Marshall's phrasing in *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25, 95 L. Ed. 2d 1, 107 S. Ct. 1519 (1987) (Marshall, J., concurring), this circuit has held,
>
>> The federal claim is inextricably intertwined with the state-court judgment if the federal claim

> succeeds only to the extent that the state court wrongly decided the issues before it.  Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.
>
> *Peterson v. Novelties*, 305 F.3d at 391. *See, e.g.*, *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-94 (6th Cir. 2001) (applying "inextricably intertwined" test to hold *Rooker-Feldman* abstention appropriate) [footnote omitted.]

*DLX, Inc. v. Kentucky*, 381 F.3d 511, 516-517 (6th Cir. 2004).

Petitioner raised his challenge to the constitutionality of the vexatious litigator statute to the Second District Court of Appeals. The court held that the statute was constitutional and affirmed its application against him. As has been previously stated, the claim as to the statute's constitutionality is inextricably intertwined with the state court judgment and this Court lacks subject-matter jurisdiction over the claim.


**Count II**
**18 U.S.C. § 241**
**Conspiracy Against Rights**

Petitioner next alleges a conspiracy against rights between the Respondents in violation of 18 U.S.C. § 241.  He specifically argues Respondent Crawford refused to perform his duties as a judge, specifically in failing to hear Petitioner's Motion for Relief from Judgment, and in his order declaring Petitioner to be a vexatious litigator. (Complaint, Doc. No. 2, PageID 110.) Respondent Chief Justice O'Connor conspired when she denied Easterling's Motion to Disqualify Respondent Judge Crawford. (Complaint, Doc. No. 2, PageID 122.)  He notes that her decision on his unopposed motion failed to reference any of the exhibits provided by Petitioner to support his claim of bias and prejudice. *Id*. He argues that this lack of citation is evidence of a

18

conspiracy of a planned deprivation of rights between the parties. Additionally, Easterling argues that under the doctrine of *respondeat superior*, Chief Justice O'Connor, the employer, was responsible for the actions of her employee, Judge Crawford. Her failure to disqualify Judge Crawford makes her both liable and a party to the conspiracy to deny Petitioner his Constitutional rights. *Id*. at PageID 122-123.

Title 18 U.S.C.§ 241 protects against "two or more persons conspire[ing] to injure, oppress, threaten, or intimidate a person . . . in the free enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same."

First, the Court notes that Petitioner is asserting a violation of civil rights under a federal criminal statute 18 U.S.C. § 241. As a general rule, a civil plaintiff has no standing to assert a claim arising under a criminal statute. *Winkle v. Sargus*, 2014 U.S. Dist. LEXIS 3152, *3-4 (S.D. Ohio 2014), *citing Chysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'") *Kafele v. Frank & Wooldridge Co*. held that there is no private right of action under 18 U.S.C. § 241 and 18 U.S.C. § 242. *Kafele v. Frank & Wooldridge Co*., 108 Fed. Appx. 307, 308 (6th Cir. 2004). Additionally, the *Kafele* court noted that a private citizen "has no authority to initiate a federal criminal prosecution of defendants for their alleged unlawful acts." *Id*. at 309, *citing Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Quoting Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). As § 241 is a federal criminal statute prohibiting acts of conspiracy to deprive one of their Constitutional rights it therefore does not provide for a private case of action.

Further, the doctrine of *respondeat superior* does not apply in this situation. "The doctrine of *respondeat superior* is expressed in the Restatement of Law 2d, Agency (1958) 481, Section 219(1), which states as follows: 'A master is subject to liability for the torts of his servants committed while acting in the scope of their employment.'" *Osborne v. Lyles*, 63 Ohio St. 3d 326 (1992). Or rather stated more simply, an employer may be held liable for the negligent acts of its employees if those acts were taken in the employee's scope of employment. *Walk v. Ohio Supreme Court*, 2003-Ohio-5343, ¶ 6 2003 Ohio App. LEXIS 4803, **4 (2003); *citing Campbell v. Colley*, 113 Ohio App.3d 14, 22 (1996). For the doctrine to apply however, an employee must be liable for a tort committed in the scope of his or her employment. *Id.* Thus, if the employee has no liability than the employer cannot be held liable under *respondeat superior*. *Id.*

"A judge is immune from civil liability for actions taken within the judge's official capacity, even if those actions were in error, in excess of authority or malicious." *Walk,* 2003-Ohio-5343 at ¶ 8, *citing State ex rel. Fisher v. Burkhardt*, 66 Ohio St. 3d 189, 191 (1993), *citing Kelly v. Whiting*, 17 Ohio St. 3d 91, 93 (1985). A judge will only be liable if: "(1) the judge acted in a 'clear absence of all jurisdication'"; or (2) the action at issue was not judicial in nature, i.e. an action not normally performed by a judge." *Id.*

Judge Crawford was sitting as a judge for the Greene County Court of Common Pleas pursuant to Section 6C, Article IV of the Ohio Constitution.[4] He had subject-matter jurisdiction over the case and was acting in his official capacity. As such, he is not liable, and therefore has no liability to pass along to Chief Justice O'Connor.

The Court further notes that judges of the Court of Common Pleas are not employees of

---

[4] " . . . Any voluntarily retired judge, or any judge who is retired under this section, may be assigned with his consent, by the chief justice or acting chief justice of the Supreme Court to active duty as a judge and while so serving shall receive the established compensation for such office . . ."

the Ohio Supreme Court. Rather the creation of the Court of Common Pleas was set forth in the Ohio Constitution and the judges are officials selected through general public elections. Ohio Rev. Code § 2301.01. Thus, Judge Crawford is not an employee of the Ohio Supreme Court or Chief Justice O'Connor, but rather is an elected official of the state. As Chief Justice O'Connor is not Judge Crawford's employer, she cannot be held liable for his alleged negligent acts under the doctrine of *respondeat superior*.

Next the Court turns to the allegation of conspiracy between the Respondents. Petitioner states that his affidavit for his motion to disqualify demonstrated bias and prejudice against him. (Complaint, Doc. No. 2, PageID 124.) "The supreme court's failure to grant the motion to disqualify common pleas judge (13AP096) represents a conspiracy against rights." *Id*. Additionally, "Respondents in violating federal law has simultaneously violated judicial codes of conduct and ethics." *Id*. He further states that Judge Crawford's order of December 20, 2013, represents an abuse of power and a conspiracy against rights under Title 18 U.S.C. § 241. *Id*.

As previously stated a conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). Conspiracy claims must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987), *citing Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *Polur v. Raffe*, 912 F.2d 52, 56 (2nd

Cir. 1990); *Applegate v. Top Associates, Inc.*, 425 F.2d 92 (2nd Cir. 1970).

The intra-corporate conspiracy doctrine provides that employees of a corporation or governmental entity cannot conspire among themselves as they are not two separate "people" but rather they are treated as one entity. *Nuovo v. The Ohio State University*, 726 F. Supp. 2d 829 (S.D. Ohio 2010); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. Of Educ.*, 926 F.2d 505, 509 (6th Cir. 1991); *Smith v. GE Aviation*, 2011 U.S. Dist. LEXIS 79278, *5 (S.D. Ohio 2011); *Doherty v. American Motors Corp.*, 728 F.2d 334 (6th Cir. 1984); *Steptoe v. Savings of America*, 800 F. Supp. 1542 (N.D. Ohio 1992); *Rennick v. Champion Int'l. Corp.,* 690 F. Supp. 603 (S.D. Ohio 1987); *Kerans v. Porter Paint Co., Inc.*, 656 F. Supp. 267 (S.D. Ohio 1987), *aff'd,* 866 F.2d 431 (6th Cir. 1989); *Givan v. Greyhound Lines, Inc.*, 616 F. Supp. 1223 (S.D. Ohio 1985). This doctrine has been applied to Ohio law. *Ohio Vestibular & Balance Ctrs., Inc. v. Wheeler*, 2013-Ohio-4417, ¶¶ 28-30, *citing Kerr v. Hurd*, 694 F. Supp. 2d 817, 834 (S.D.Ohio 2010); *Jackson v. City of Columbus*, 194 F.3d 737, 753 (6th Cir. 1999). The Court notes however, that an exception exists when the challenged activity takes place outside the scope of employment. *Johnson v. Hills & Dales General Hosp.,* 40 F.3d 837 (6th Cir. 1994).

In the case before us, the judges are part of the same governmental entity, the Ohio Judiciary. *See generally* Article IV of the Ohio Constitution; Section 5 of Article IV of the Ohio Constitution (setting forth other powers of the supreme court, including  general superintendence over all courts in the state.) Therefore, unless Judge Crawford was acting outside the scope of his employment, and this Court has already determined that he was not, than the Respondents were not acting as two separate "people" capable of conspiring, but rather as one entity.

Furthermore, Chief Justice O'Connor's denial of Easterling's Motion to Disqualify Judge Crawford was reasonable. A disqualifying prejudice or bias must ordinarily be personal or

22

extrajudicial. *United States v. Sammons,* 918 F.2d 592 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409 (6th Cir. 2003). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). The Court went on to hold:

> *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune.

*Id.* Due Process incorporates common law rule against sitting when there is a substantial risk of actual bias. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *see also Tumey v. Ohio*, 273 U.S. 510 (1927); *Ohio State Bar Ass'n v. Evans*, 137 Ohio St. 3d 441,**6, 2013-Ohio-4992,

23

¶ 12 (2013). However, a judge's expressed intention to uphold the law or to impose severe punishment on those found guilty of a particular offense is not ordinarily sufficient for disqualification. *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001), *citing United States v. Gigax*, 605 F.2d 507, 514 (10th Cir. 1979); *United States v. Haldeman,* 559 F.2d 31, 134 n. 302 (D.C. Cir. 1976); *In Re Disqualification of Floyd*, 101 Ohio St. 3d 1217, 2003-Ohio 7351 ¶ 4 (2003)(holding that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law.")

Chief Justice O'Connor held in her Judgment Entry that, "it is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification." (Complaint, Doc. No. 2-2, PageID 194.)  She then continued by noting that this was Easterling's third affidavit of disqualification against Judge Crawford in the underlying case, and that he had also filed an affidavit of disqualification against another judge. In each affidavit to disqualify, Easterling complained of adverse rulings against him and the motions to disqualify were denied. *Id*. at PageID 195. The Entry concluded by stating, "[t]he statutory right to seek disqualification of a judge is an extraordinary remedy not to be invoked in a frivolous matter. *In re Disqualification of Millard*, 74 Ohio St. 3d 1235, 657 N.E.2d 1343 (1992). Easterling is cautioned that the filing of any further frivolous, unsubstantiated, or repeated affidavits of disqualification could result in an imposition of appropriate sanctions. *See, e.g., In re Disqualification of Browne*, ___ Ohio St.3d ____, 2013-Ohio-4468, ¶8." *Id*.  Petitioner did not made a showing of actual bias or prejudice, but rather listed adverse rulings against him made by Justice Crawford, to which he did not agree. This is not enough to establish disqualification. Easterling did not make the necessary showing, and as such, Chief Justice O'Connor denied his motion in accordance with the law, not in furtherance of

a conspiracy.

For the above stated reasons and based on the analysis under 28 U.S.C. § 1915, this claim lacks an arguable basis in law and fact. It is recommended that this ground be dismissed for failure to state a claim and as being frivolous.

**Count III**
**18 U.S.C. § 242**
**Conspiracy Against Rights Under Color of Law**

Petitioner next alleges that the Respondents, in willful disregard and "participation," have deprived him of exercising his right to be heard by a court of law. (Complaint, Doc. No. 2, PageID 124.)  This right encompasses the right to have a trial presided over by a judge free of bias and prejudice. *Id.*  Respondent Crawford deprived Petitioner of his rights under color of law when he declared Petitioner a vexatious litigator under Ohio Revised Code § 2323.52 and in his refusal to hear Easterling's motion for relief from the same. *Id.* Chief Justice O'Connor conspired by refusing to disqualify Crawford despite the evidence of bias and prejudice provided to her in Petitioner's Affidavit and Motion to Disqualify. *Id.* at PageID 125.

Title 18 U.S.C. § 242 prohibits anyone acting under color of law from subjecting a person to the "deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens."

Again, the Court notes that Petitioner is asserting a violation of civil rights under federal criminal statute 18 U.S.C. § 242. As previously stated, a civil plaintiff has no standing to assert a claim arising under a criminal statute. *Winkle v. Sargus*, 2014 U.S. Dist. LEXIS 3152 *3-4 (E.D. Ohio 2014), *citing Chysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Kafele v. Frank & Wooldridge Co.*, 108 Fed. Appx. 307, 308 (6th Cir. 2004).

This claim does not vary greatly from the previous claims. Again, Petitioner questions the propriety of Judge Crawford's presiding over his motions when the Judge was biased and prejudiced against him as evidenced by the order declaring Easterling to be a vexatious litigator. (Complaint, Doc. No. 2, PageID 124.) This Court found that there was insufficient evidence to find Crawford biased or prejudiced against Petitioner. His decision to declare Easterling a vexatious litigator was based on evidence of multiple and repetitive filings against Union Savings Bank and pursuant to Ohio law. His Order of December 20, 2013, simply enforced that previous Vexatious Litigator Order, and warned of possible sanctions if Petitioner continued to file without first obtaining leave of court. Easterling simply does not show that Judge Crawford's enforcement of this order, and its application against him, when by his own actions he files without first obtaining leave, deprives him of his rights.

Likewise, the portion relating to Respondent Chief Justice O'Connor fails. For the reasons previously stated she did not violate Petitioner's right when she denied his Motion to Disqualify Judge Crawford on the basis of bias and prejudice which simply did not exist. Nor does the doctrine of *respondeat superior* apply in this case to hold her liable for Judge Crawford's alleged actions.

For the reasons previously set forth throughout this Report and Recommendations, the claim pertaining to 18 U.S.C. § 242 lacks an arguable basis in law and fact. It is recommended

that this ground be dismissed under 28 U.S.C. § 1915 for failure to state a claim and as being frivolous.

**Conclusion**

Having conducted the necessary review under the Prison Litigation Reform Act, the Magistrate Judge  recommends that the Complaint be dismissed as frivolous and for failure to state a claim.   Furthermore, the Court is barred under the *Rooker-Feldman* doctrine from considering the question of Easterling's vexatious litigator status because it is clear to the Court that Petitioner wants this court to review and reject the prior state decision. It is recommended that the complaint be dismissed and that process not be issued in the above matter.

**Order to the Clerk**

The Clerk of Court is hereby ORDERED not to issue process in this case pending further order of the Court.

**Order to the Petitioner Under Fed. R. Civ. P. 11**

As noted above, this is the fourth lawsuit Mr. Easterling has filed in this Court attempting to obtain relief from the same state court judgment, albeit in slightly different forms.  This is strikingly similar conduct to the behavior which resulted in his being declared a vexatious litigator in the Ohio courts.  See *Easterling v. Union Savings Bank*, 2013 Ohio 1068, 2013 Ohio

App. LEXIS 949, ¶¶ 13-14 (Ohio App. 2ⁿᵈ Dist. Mar. 22, 2013).

Fed. R. Civ. P. 11 reads:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The standard of conduct imposed on parties and attorneys by amended Rule 11 is reasonableness under the circumstances. *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); *See also Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991); *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988). The court must test the signer's conduct by inquiring what was reasonable to believe at the time of signing, and must avoid using the "wisdom of hindsight." *Mann v. G&G Mfg., Inc.*, 900 F.2d 953 (6th Cir. 1990); *Century Products, Inc., v. Sutter*, 837 F.2d 247 (6th Cir. 1988); *INVST, supra*, at 401; *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988). The Rule includes both a duty to investigate the facts, *Albright v. Upjohn*, 788 F.2d 1217 (6th Cir. 1986), and the law, *INVST, supra*, at 402.

Petitioner is ORDERED to show cause in writing, not later than the date on which objections to this Report are due, why he should not be sanctioned under Fed. R. Civ. P. 11 for filing this lawsuit.

February 3, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).