# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

      Petitioner,               :        Case No. 3:13-cv-430

                                       District Judge Walter H. Rice
   -vs-                           Magistrate Judge Michael R. Merz

                              :

JUDGE DALE CRAWFORD,

And

CHIEF JUSTICE MAUREEN O'CONNOR

      Respondents.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON 28 U.S.C. § 1915 REVIEW; REPORT AND RECOMMENDATIONS FOR SANCTIONS UNDER Fed. R. Civ. P. 11

---

      Petitioner Warren Easterling brought this action against Greene County Court of Common Pleas Judge Dale Crawford[1] and Chief Justice Maureen O'Connor of the Ohio Supreme Court (Complaint, Doc. No. 2). Easterling was granted leave to proceed *in forma pauperis* (Notation Order of December 27, 2013). The Magistrate Judge then conducted the review the required by 28 U.S.C. § 1915 for *in forma pauperis* cases, concluded the case was objectively frivolous under the statute, and recommended that it be dismissed with prejudice (Report and Recommendations, Doc. No. 4; the "Report"). The Clerk was ordered not to issue process pending further order. *Id.* at PageID 234. Because this was the fourth lawsuit Easterling had filed seeking essentially the same relief, the Magistrate Judge ordered him to show cause

---

[1] Judge Crawford was a retired judge sitting by assignment.

1

why he should not be sanctioned under Fed. R. Civ. P. 11.  *Id.*  at PageID 234-26.

Mr. Easterling objected (Doc. No. 5) and Judge Rice recommitted the matter for further consideration (Doc. No. 6).  To give Mr. Easterling an opportunity to explain his position orally, the Magistrate Judge set oral argument which occurred for nearly two hours on February 19, 2014.  Having considered Mr. Easterling's written Objections and oral argument, the Magistrate Judge remains persuaded this case is objectively frivolous because this Court's exercise of jurisdiction is barred by the *Rooker-Feldman* doctrine.

In his Complaint Easterling asserted various violations under 42 U.S.C. § 1985, 18 U.S.C. § 241, and 18 U.S.C. § 242, but made it clear in his oral argument that he claims Respondent Judge Crawford has deprived him of due process and equal protection of the laws by refusing to decide Easterling's motion for relief from judgment in Easterling v. Union Savings Bank, Case No. 2010 CV 1267 in the Greene County Common Pleas Court.  That motion was filed July 9, 2013, and remains undecided, according to Easterling.  He admitted that he has not sought mandamus from the Greene County Court of Appeals to compel a decision.

Contrary to Mr. Easterling's claim, the docket of the Greene County Common Pleas Court shows that his Rule 60(B) motion was denied on July 26, 2013, because he had not obtained leave to file it as required by his declared status as a vexatious litigator (Entry and Decision, available at www.courts.co.greene.oh.us, visited February 20, 2014).  While Easterling did not file with his Complaint a copy of either his Rule 60(B) motion or the Entry and Decision, he did file an order of Judge Crawford docketed in In the Matter of: Warren Easterling, Case No. 2012 MS 0008 in the Greene County Common Pleas Court ordering the Clerk of that Court to strike Easterling's reply memorandum in support of his 60(B) for failure to obtain permission to file under the vexatious litigator statute (Ex. V to Complaint, Doc. No. 1, PageID 193).

Easterling joined Ohio Chief Justice Maureen O'Connor as a respondent because she refused to disqualify Judge Crawford on Easterling's application to her for that relief. Chief Justice O'Connor's decision is embodied in a Judgment Entry in Ohio Supreme Court Case No. 13-AP-096 (attached to the Complaint, Doc. No. 1, as Exhibit X, PageID 194-95).

**Procedural History**

As noted in the Report, the basis for this case, as well as several additional cases filed by Mr. Easterling in both the Greene County Courts as well as this United States District Court, originated from Greene County case 2009 CV 1357. In that case Easterling alleged that he had been terminated without cause and sought reinstatement to his position as a mortgage loan officer at Union Savings Bank as well as compensatory damages. (Case No. 2009 CV 1357, Complaint, 12/7/2009.) At oral argument, Mr. Easterling stated he was employed only fifteen days and his theory of suit was that Union Savings Bank hired him to "ruin his life." The complaint was dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. (Judgment, 2/9/2010.) Easterling did not appeal because he believed the Common Pleas Court could not validly dismiss his case under Ohio R. Civ. P. 12(b)(6) because Union Savings had admitted all the allegations of his complaint by not filing an answer.[2]

Instead, Easterling initiated a second case against Union Savings Bank on April 1, 2010, again seeking reinstatement and compensatory damages. *See* Case 2010 CV 0375. The Greene County Common Pleas Court dismissed on the basis of *res judicata* and the court of appeals affirmed on that basis. *Easterling v. Union Savings Bank,* 2010-Ohio-4753 ¶ 48, 2010 Ohio App. LEXIS 4028 (2nd Dist. Oct. 1, 2010).

---

[2] Contrary to Easterling's contention, Ohio R. Civ. P. 12(A)(2) only requires an answer only if a motion under Ruel 12 does not completely dispose of the case.

Easterling then filed third case against Union Savings Bank, 2010 CV 1267, on December 3, 2010. In response Defendants filed a motion for summary judgment and a counterclaim for both attorney fees and to have Easterling declared a vexatious litigator under Ohio Revised Code § 2323.52. Judge Crawford dismissed the complaint on the basis of *res judicata* and declared Easterling a vexatious litigator. The Second District Court of Appeals affirmed both parts of the judgment. *Easterling v. Union Savings Bank*, 2013-Ohio-1068, 2013 Ohio App. LEXIS 949 (2nd Dist. March 22, 2013)

As noted in the Report, Mr. Easterling's litigation history in this Court is equally long and convoluted. Case No. 3:12-cv-300 was dismissed for lack of subject matter jurisdiction under *Rooker-Feldman*. Case No. 3:13-cv-024 mounted a facial challenge to the Ohio vexatious litigator statute. On motion of Respondent Ohio Attorney General Mike Dewine, the Magistrate Judge recommended that the constitutionality of that statute be upheld. Judge Black adopted that recommendation and dismissed the case when Easterling failed to object. *Easterling v. Ohio*, 2013 U.S. Dist. LEXIS 126124 (S.D. Ohio, Sept. 4, 2013). Easterling appealed and his application to proceed *in forma pauperis* on appeal remains pending. *Easterling v. Ohio Attorney General*, Sixth Circuit Case No. 13-4122. Case No. 3:13-cv-106 was also dismissed under *Rooker-Feldman*, but no appeal was taken. Easterling then filed this case.

**Analysis under 28 U.S.C. § 1915**

The Report recommended dismissal of this case as barred by *Rooker-Feldman* and also for failure to state a claim for relief under the three statutes Easterling cited in his Complaint (Report, Doc. No. 4, PageID 234).

4

In his Objections, Easterling accuses the Magistrate Judge of participating in a racist conspiracy with Judge Crawford and Chief Justice O'Connor for the "obstruction of justice and the deprivation of rights."  (Objections, labeled "Reply", Doc. No. 5, PageID 237.)  As stated in his Objections and confirmed at oral argument, his position is that Rooker-Feldman does not apply because "there are no claims in relation to a state court judgment." *Id.* at PageID 238.  However, he also made it clear at oral argument that he wants this Court to order Judge Crawford to decide his Rule 60(B) motion and Chief Justice O'Connor to grant his request to disqualify Judge Crawford.

Against the Report's conclusion that Rooker-Feldman forbids this Court from acting on the merits of his claims, Easterling has two objections.  First he says that there are no state court judgments involved in his request.  This is plainly not true with respect to Chief Justice O'Connor's ruling which is labeled "Judgment Entry."  In addition to the label, the document is functionally a judgment because it terminated the disqualification proceeding filed by Easterling against Judge Crawford.

With respect to Judge's Crawford's actions, Easterling does not mention Judge Crawford's Entry and Decision denying his Rule 60(B) motion.  The actual document he complains of is labeled and Notice and includes an order to the Clerk  to strike Easterling's reply in support of that motion.  But application of *Rooker-Feldman* does not turn on the label a state court places on its decisions.  Easterling's claims against Judge Crawford and Chief Justice O'Connor are "intertwined" with the final decisions each of them made on applications for relief by Easterling.  This Court cannot order Judge Crawford to decide (again) Easterling's 60(B) motion or decide it on the merits rather than on the vexatious litigator bar without interfering with a final decision he made; the same is true of Chief Justice O'Connor's decision.  If a federal

district court could render a state court decision null and void by eviscerating it effect without purporting to vacate the decision, *Rooker-Feldman* would no longer have any effect.

Easterling's second object to the application of Rooker-Feldman is his belief that 28 U.S.C. § 1331, the general federal question jurisdiction statute, supersedes the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983).  He offers no authority for that proposition except his belief that, because Congress adopted 28 U.S.C. § 1331, a federal district court must decide any federal questions presented to it, decisions of the United States Supreme Court to the contrary must be ignored.  To paraphrase Mr. Easterling's argument, Congress makes the law and the courts are obliged to follow it.

As the Magistrate Judge attempted to explain at oral argument, this particular bridge was crossed early in our constitutional history in *Marbury v. Madison*, 5 U.S. 137, 2 L. Ed. 60 (1803), when the Supreme Court declared that, as the highest expositor of law in the land, it had the duty and power to decide whether Acts of Congress were constitutional or not because the people had adopted the Constitution as the supreme law of the land, controlling over what Congress might enact.  Mr. Easterlign repeatedly asserted that judges, including the Magistragte Judge, have a duty to follow the law.  The Magistrate Judge agrees, but it is the law as declared by the Supreme Court, and not by Warren Easterling.  At least the difference of opinion was clearly stated and understood.

It is again respectfully recommended that the Complaint herein be dismissed with prejudice for lack of subject matter jurisdiction.

**Analysis under Fed. R. Civ. P. 11.**

In the Report Easterling was ordered to show cause why he should not be sanctioned under Fed. R. Civ. P. for filing this lawsuit (Report, Doc. No. 4, PageID 234-36.)  That Rule provides in pertinent part that a party's signature on a paper filed in a federal court proceeding constitutes that party's certificate that the claims made are warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law and that the paper is not filed with the intention of harassing another or needlessly increasing the cost of litigation.

Mr. Easterling has now been permitted to file four cases in this Court *in forma pauperis*, all related to the same controversy between himself and Union Savings Bank.  All four have been dismissed under *Rooker-Feldman* and none of those decisions has been reversed on appeal.  While Mr. Easterling is able to argue his position eloquently, it does not have a good faith basis in existing law.  For example, he relied at oral argument on the Wikipedia article on *Rooker-Feldman*, but it does not support his position. (See *Rooker-Feldman* doctrine at www.en.wikipedia.org, visited February 19, 2014.)

Easterling is especially angry that the Magistrate Judge has recommended dismissal without issuing process:

> The court's coloring the Petitioner's complaint as frivolous is meant to infuriate the Petitioner and waste time (obstruct justice) fighting to explain the Petitioner has a legal right to have a valid complaint served of which this court has unfairly and wrongfully argued to the benefit of the Respondent to create the false impression (fraud) of the complaint being frivolous.

(Reply, Doc. No. 5, PageID 239.)  This statement supports the Magistrate Judge's conclusion

7

that Easterling wants to use this Court's process to harass members of the state judiciary. Easterling's perspective is that he just wants to force them to do their jobs, but they have already done so. For example, Chief Justice O'Connor has ruled on Affidavits to Disqualify Judge Crawford three times in the same proceeding.

A litigant who persistently abuses the privilege of proceeding *in forma pauperis* can be barred from doing so. This Court has done so in *Sassower v. Mead Data Central*, *Cossett v. Federal Judiciary, Newsome v. Portune*, and *In Re Phillip E. (Bo) Guess*, General Order No 95-3 (Eastern Div., 3/13/95). The Supreme Court also did so in *In re Sassower,* 510 U.S. 4 (1993).

Because Warren Easterling has repeatedly abused the privilege of proceeding *in forma pauperis* in this Court, he should be barred from doing so without the prior written authorization of the Chief Judge.

February 20, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).